UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In Re:                                    )    Chapter 7
                                          )
       Richard Sharif,                    )    Bankruptcy Case No. 09-05868
                                          )
              Debtor.                     )    Hon. Jacqueline P. Cox
                                          )

**Opinion on the Trustee's Motion to Sell Interest of Estate in Realty: 36 Revere Drive,
South Barrington and to Shorten Notice (Dkt. No. 730)**

This matter comes before the court on the Motion of Horace Fox, Jr., as trustee (the

"Trustee"), for Authority to Sell Interest of the Estate in Realty: 36 Revere Drive, South Barrington

and to Shorten Notice ("Motion") (Dkt. No. 730).

Various parties objected to the Trustee's Motion. Haifa Sharifeh, the Debtor's sister, filed

an objection ("Haifa's Obj.") (Dkt. No. 734); Ragda Sharifeh, also the Debtor's sister, filed an

objection ("Ragda's Obj.") (Dkt. No. 735); and Richard Sharif (the "Debtor") filed an objection

("Debtor's Obj.") (Dkt. No. 736). Wells Fargo Bank, N.A. ("Wells Fargo") also filed a limited

objection ("Ltd. Obj.") (Dkt. No. 737).[1]

The Motion was heard in court on Tuesday, August 2, 2022, after due notice was given to

all interested parties. At the hearing, the parties had the opportunity to call witnesses to testify and

be subjected to cross-examination.

**I. Jurisdiction**

The court has jurisdiction to hear this matter under 28 U.S.C. § 1334 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter

is a "core" proceeding under 28 U.S.C. § 157(2)(A), (N), and (O), matters concerning the

---

[1] Wells Fargo withdrew its limited objection (Dkt. No. 737). *See* Notice of Withdrawal, Dkt. No. 741.

administration of the estate, orders approving the sale of property, and other proceedings affecting the liquidation of the assets of the estate.

## II. Background

This matter concerns the Trustee's Motion (Dkt. No. 730) to sell the Debtor's residence at 36 Revere Drive, South Barrington, Illinois 60010 (the "residence"). The Debtor's former spouse, Luma Hambaroush, and her two minor children have been living in the residence. *See* Motion, Dkt. No. 730, ¶ 3. However, they have been ordered to vacate the residence by 5:00 p.m. on August 10, 2022. Order Granting Trustee's Motion to Compel Luma Hambaroush Sharifeh to Vacate Residence ("Order to Vacate"), Dkt. No. 729.

Approximately thirteen years ago, on February 24, 2009, the Debtor filed for Chapter 7 bankruptcy. Petition, Dkt. No. 1. On July 6, 2010, this court ruled in a related adversary proceeding, Adv. No. 09-00770, that a trust of the Debtor's, the Soad Wattar Trust, was the Debtor's alter ego ("Alter-Ego Order"). *In re Sharif*, 549 B.R. 485, 505 n.9 (Bankr. N.D. Ill. 2016).[2] Pursuant to the Alter-Ego Order, the residence at 36 Revere Drive, South Barrington, Illinois is property of the bankruptcy estate. Motion, Dkt. No. 730, ¶ 3.

In 2016, Ms. Hambaroush filed the divorce case against the Debtor. *See* Motion to Modify the Automatic Stay, Dkt. No. 305, ¶ 6 (citing *In re Marriage of Hambaroush-Sharif & Sharif*, No. 16 D 006459 (Ill. Cir. Ct. July 14, 2016)). Ms. Hambaroush moved to lift the automatic stay so the divorce court could rule on her motion for exclusive possession of the residence. *See* Motion to

---

[2] The Debtor appealed the Alter-Ego Order to the Seventh Circuit, raising a *Stern* objection. *See Wellness Int'l Network, Ltd. v. Sharif*, 617 Fed.Appx. 589, 590-91 (7th Cir. 2015); *see also Stern v. Marshall*, 564 U.S. 462, 502-03 (2011) (explaining *Stern* claims). The Seventh Circuit held that Debtor forfeited any Stern argument by waiting until his Seventh Circuit reply brief to challenge the Bankruptcy Court's authority to adjudicate the alter ego claim, and thus affirmed this court's decision that the Soad Wattar Trust was the alter ego of the Debtor. *See Wellness Int'l Network, Ltd.*, 617 Fed.Appx. at 590-91.

Modify the Automatic Stay, Dkt. No. 305, ¶¶ 3, 6-7, 10-12.  On November 30, 2016, the court granted Ms. Hambaroush's motion.  Dkt. No. 312.

On March 31, 2022, the state court granted the Chapter 7 Trustee's Renewed Motion to Sell the Residence, authorizing him to sell the property at 36 Revere Drive, South Barrington, Illinois; it held that "[a]ll further aspects of the listing or sale of the Residence" shall be governed by the U.S. Bankruptcy Court for the Northern District of Illinois.  Amended Exhibit List, Dkt. No. 742, Ex. 6: Circuit Court 3-31-22 Order (*In re Marriage of Hambaroush-Sharif & Sharif*, No. 16 D 006459, ¶¶ 1-2 (Ill. Cir. Ct. Mar. 31, 2022).  The state court directed all parties in the proceeding to "reasonably cooperate" in the sale of the residence, including "in showing and inspections of the residence . . . (including . . . keeping the residence reasonably neat and clean and vacating the residence temporarily to allow inspections and showings); and in the closing of a sale (including timely vacating the Residence and removing personal property from the Residence . . .") *In re Marriage of Hambaroush-Sharif & Sharif*, No. 16 D 006459, ¶ 2 (Ill. Cir. Ct. Mar. 31, 2022).

On April 26, 2022, this court granted the Trustee's Application for Authority to Employ Patti Sprafka Wagner as a Real Estate Broker, authorizing Ms. Wagner to list the residence.  Order at Dkt. No. 700.  The court notes that from May 2022 until early July 2022, Ms. Wagner had difficulty showing the home to potential buyers due to a lack of cooperation from Ms. Hambaroush in permitting showings and inspection of the residence as well as keeping the residence in orderly condition, despite court orders instructing her to do so.[3]

---

[3] On May 17, 2022, the Trustee filed an Emergency Motion, seeking an earlier hearing date for his Motion for an Order setting Protocol for Luma Hambaroush to Follow for Showings of the Revere Residence ("Showings Protocol Motion") because Ms. Hambaroush had refused to cooperate with viewings of the residence. *See* Emergency Motion, Dkt. No. 701; Showings Protocol Motion, Dkt. No. 703. Ms. Hambaroush objected to the Showings Protocol Motion.  Notice of Objection, Dkt. No. 706. The court granted the Emergency Application and the Showings Protocol Motion, ordering, *inter alia*, that Ms. Hambaroush permit Ms. Wagner to access to the

On July 19, 2022, the Trustee filed a Motion to sell the residence. Motion, Dkt. No. 730. A hearing on the Motion was held on Tuesday, August 2, 2022; Patricia Sprafka Wagner (the Trustee's real estate broker), the Trustee, the Debtor, and Murad Atieh (a property appraiser contacted by the Debtor) testified. Of the objecting parties, only the Debtor was present at the hearing; neither Haifa nor Ragda appeared.

### III. Analysis

Here, the Trustee seeks authority under 11 U.S.C. § 363(b) and (f) for approval of the prospective sale of the Debtor's residence for $587,000 and to shorten notice. Motion, Dkt. No. 730.

### 1. Standards for Reviewing Section 363(b) Sales

Section 363(b) permits the Trustee (or the debtor in possession) to "use, sell, or lease, other than in the ordinary course of business, property of the estate . . . ." after notice and a hearing. 11 U.S.C. § 363(b)(1). The residence at issue constitutes estate property: property of the estate includes "[a]ll legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1).

Bankruptcy courts apply the so-called "business judgment" test to determine whether to approve a proposed sale under § 363(b). *See In re Efoora, Inc.*, 472 B.R. 481, 488 (Bankr. N.D. Ill.

residence, allow her to "take photos, and install a lockbox; that within 24 hours of receiving a notice of requested showings, she "confirm" the showings (or explain why she cannot accommodate a showing and specify an alternative date); and that she "maintain" the residence in "reasonable orderly condition." Order at Docket 709.

After Ms. Hambaroush refused to let a potential buyer inspect the residence, on June 28, 2022, the court ordered that she allow the inspection on July 5, 2022 and that she "otherwise cooperate with the inspection" and "ensure that the inspector has access to all parts of the residence." Agreed Order Regarding Trustee's Emergency Motion to Compel Inspection of Residence, Dkt. No. 715. After Ms. Hambaroush refused multiple showings or left doors locked during showings, Ms. Hambaroush and her children were ordered to vacate the residence by 5:00 p.m. on August 10, 2022. Order to Vacate, Dkt. No. 729.

Ms. Wagner testified at the August 2, 2022 hearing that only "one out of five toilets works" and that there was a "horrible gas leak" when she went into the residence on June 2, 2022. Aug. 2, 2022 Hr'g Tr. at 35–36, 45:16–17.

4

2012) (citing 3 COLLIER ON BANKRUPTCY ¶ 363.02[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012)). Hence, under § 363(b), "[a] sale is permissible and will be authorized as long as the trustee has an 'articulated business justification.'" *See In re Efoora, Inc.*, 472 B.R. at 488 (citations omitted); *see also Fulton State Bank v. Schipper* (*In re Schipper*), 933 F.2d 513, 515 (7th Cir. 1991). The transaction must make "good business sense" and "the creditors as a whole should benefit." *In re UAL Corp.*, 443 F.3d 565, 571 (7th Cir. 2006).

The price for which the property will be sold should be "fair and reasonable." *See* 3 COLLIER ON BANKRUPTCY ¶ 363.02[4] (16th ed. 2012). Federal Rule of Bankruptcy Rule ("Fed. R. Bankr. P.") 6004(f)(1) provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction." Here, the Trustee seeks permission to accept a $587,000 offer to buy the Debtor's home. Motion, Dkt. 730, Ex. ii. At the August 2, 2022 hearing, Ms. Patti Sprafka Wagner, the real estate broker the Trustee retained the sell the residence, testified that she listed the property in the Multiple Listing Service (MLS) and that they "only received the one offer." Aug. 2, 2022 Hr'g Tr. at 34:18–20.

The trustee has the burden to demonstrate "a sound business justification." *See In re Efoora, Inc.*, 472 B.R. at 488 (citing *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir.1983)). "A party objecting to a sale, in turn, must produce 'some evidence respecting its objections.'" *In re Efoora, Inc.*, 472 B.R. at 488-89 (citations omitted). The bankruptcy court has discretion to decide whether to approve a sale. *See In re Efoora, Inc.*, 472 B.R. at 489 (citing *Corporate Assets, Inc. v. Paloian*, 368 F.3d 761, 767 (7th Cir. 2004); *In re Irvin*, 950 F.2d 1318, 1320 (7th Cir.1991)).

Here, the Trustee argued the proposed sale of the residence is reasonable because due to the costs he has incurred to respond to pending litigation involving the Debtor and his family, the

5

Trustee expects to run out of liquid assets and then default on the mortgage on the residence by October or November 2022 if the property is not sold. Aug. 2, 2022 Hr'g Tr. at 3–5. At the hearing, Horace Fox, Jr., the Trustee, testified that he expects to clear $90,000 to $95,000 in equity from the sale. Aug. 2, 2022 Hr'g Tr. 52–53, 74–75.[4] His testimony was supported by bank and securities statements and a letter from Wells Fargo, among other exhibits, which were admitted into evidence. *See* Amended Ex. List, Dkt. No. 742, Ex. 3: Bank and Securities Statements (Excerpts), Ex. 11: Wells Fargo Payoff Letter 7-28-22. Patti Sprafka Wagner, the real estate broker the Trustee retained to list the residence, testified that she listed the property in the Multiple Listing Service (MLS) on May 10, 2022 and that they have "only received the one offer." Aug. 2, 2022 Hr'g Tr. at 21, 26, 34:18–20, 35. Ms. Wagner testified that she price of the property would decrease if the property were to default on the mortgage and the property were sold via short sale or foreclosure. Aug. 2, 2022 Hr'g Tr. at 44–45. Based on the Trustee's exhibits and the supporting testimony from Ms. Wagner and the Trustee, the court finds that the Trustee met his burden to show that the proposed sale is a sound business judgment. However, the court will address each of the objecting parties' arguments opposing the sale. One of the Debtor's siblings verbally offered to pay the mortgage. That offer, if submitted to the broker, would not make sense because it would delay or deny the Trustee's effort to access the property's equity.

First, they argued the sale would cause irreparable harm to the Debtor and his family because the pending appeals in the District Court and Seventh Circuit may vacate the bankruptcy court's

---

[4] The Trustee testified he would clear $90,000 to $95,000 if the house is sold for $587,000 because he must pay off a $432,500 mortgage held by Wells Fargo, $35,000 in broker's commission, a real estate proration of approximately $20,000, and $5,000 in other seller costs. Aug. 2, 2022 Hr'g Tr. 52–53, 74–75.

August 5, 2010 order.[5]  Second, they argued the Trustee's sales price was too low because the fair market value of the home was $1,010,530, per a Comparative Market Analysis in Haifa's Objection. Haifa's Obj., Dkt. No. 734, p. 1, 4-5, 8-19; Ragda's Obj., Dkt. No. 735, p. 1, 4-5; Debtor's Obj., Dkt. No. 736, p. 1, 2-3.  Third, they argued there is no legitimate basis to shorten the time for the sale process and for the Objectors to review the integrity of the sale because the Trustee has not presented any factual or legal reason for doing so.  Haifa's Obj., Dkt. No. 734, p. 1, 5-6; Ragda's Obj., Dkt. No. 735, p. 1, 6-7; Debtor's Obj., Dkt. No. 736, p. 1, 5.  Lastly, they argued the Trustee failed to negotiate a higher price for the sale of the house with Ragda, a creditor with a lien against the residence who is willing to buy it and can offer a much higher price.  Haifa's Obj., Dkt. No. 734, p. 1, 5; Ragda's Obj., Dkt. No. 735, p. 2, 7; Debtor's Obj., Dkt. No. 736, p. 1-2, 5.

Regarding the first argument about irreparable harm, it fails because no one has shown the home is unique.  In any event, both this court's orders that are on appeal and the March 31, 2022 state court order would have to be overturned as of today.  The objecting parties seem to request a preliminary injunction to stop the sale; however, the court finds they failed to make a threshold showing of a reasonable likelihood of success on the merits.[6]  A movant's likelihood of prevailing

---

[5] Ragda also asserts that under 735 ILCS 5/2-1901, she has a $459,000 post-petition lien on the residence for monthly mortgage payments that Ragda paid from September 2010 to November 2015.  Ragda's Obj., Dkt. No. 735, p. 2-5 (citations omitted).  Ragda also filed a Complaint against Luma in replevin, alleging that various items of personal property at the residence, including clothing, family pictures, ornaments, and future, belong to her and should be returned to her.  *See* Ragda's Obj., Dkt. 735, p. 7; *Sharif v. Hambaroush-Sharif*, Complaint, No. 2020 CH 06776 (Ill. Cir. Ct. filed Nov. 13, 2020).

The Trustee submitted an exhibit, which was admitted into evidence, showing that his counsel sent the Debtor an email on July 28, 2022 stating that "If Ragda wants any personal property (not fixtures) left of at [sic] the residence after Luma Hambaroush vacates on August 10, she (either directly or through you) can coordinate with us to arrange a time in the afternoon on August 11 or early in the morning on August 12 to remove that property." Amended Ex. List, Dkt. No. 742, Ex. 12: 7-28 Brad Block Email.  No one argued the email received a response.

[6] Haifa's Obj., Dkt. No. 734, p. 3-4; Ragda's Obj., Dkt. No. 735, p. 5-6; Debtor's Obj., Dkt. 736, p. 3-4; *see also Turnell v. CentiMark Corp.*, 796 F.3d 656, 661-62 (7th Cir. 2015) (citations omitted) ("[T]he party seeking a preliminary injunction must make a threshold showing that: (1) absent preliminary injunctive relief, he will suffer

on the merits "must exceed 'a mere possibility of success.'" *See DM Trans, LLC v. Scott*, 38 F.4th 608, 617 (7th Cir. 2022) (citations omitted). In addition, they have not obtained a stay pending appeal.

The court finds that the objectors' argument that the sales price was too low is disputed by the testimony of the Trustee and Ms. Wagner. The Trustee testified that the property was listed for $780,000, and the Trustee received an offer in late June 2022 for $625,0000, which the Trustee negotiated up to $627,000. Aug. 2, 2022 Hr'g Tr. at 64–65. The parties signed the contract on June 25, 2022, which was subject to inspection and attorney-approval contingencies. Aug. 2, 2022 Hr'g Tr. at 65–66. After the inspection, the buyer requested a $40,000 credit because "there were a lot of repairs to be made, and that was the cost to make them." Aug. 2, 2022 Hr'g Tr. at 70. The Trustee countered with $15,000, but the buyers would not budge, and this changed the purchase price to $587,000. Aug. 2, 2022 Hr'g Tr. at 70–71. The Trustee testified that this was the best price they could have negotiated "under the circumstances with rising interest rates and the market and no back-up offer and few showings." Aug. 2, 2022 Hr'g Tr. at 71. The Debtor, but not Haifa, appeared in court. The Debtor, nor any other party, ever asserted that the individual who prepared the Comparative Market Analysis for Haifa had ever seen the residence or explained how they reached the $1,010,530 value. In fact, Richard Sharif's witness, Mr. Murad Aiteh, testified by phone that the property is worth $625,000 to $700,000, even though he did not inspect it. Aug. 2, 2022 Hr'g Tr. at 86–88. His value assessment is similar to Ms. Wagner's and the price the buyers were willing to pay before they saw the inspection results. Aug. 2, 2022 Hr'g Tr. at 27, 64–66, 70, 91.

---

irreparable harm in the interim prior to a final resolution; (2) there is no adequate remedy at law; and (3) he has a reasonable likelihood of success on the merits.")

The objectors argued the Trustee failed to negotiate a higher price for the sale of the house with Ragda, a creditor with a lien against the residence who is willing to buy it and can offer a much higher price. Haifa's Obj., Dkt. No. 734, p. 1, 5; Ragda's Obj., Dkt. No. 735, p. 2, 7; Debtor's Obj., Dkt. No. 736, p. 1-2, 5. However, Ms. Wagner testified that Ragda Sharifeh nor anyone else has made an offer to purchase the residence. Aug. 2, 2022 Hr'g Tr. at 49. At the hearing, the Debtor did not dispute that he and his sisters had received notice of the Trustee's motions in the bankruptcy case related to the sale, including the Trustee's Motion to Compel Luma Hambaroush to Vacate the Residence (Dkt. No. 722).[7] None of the objections disputed notice.

The Debtor also argued that the residence falls under the homestead exemption because there is no equity in the house for the Trustee to sell it. Debtor's Obj., Dkt. No. 736, p. 1-2 (citing 11 U.S.C. § 522(b); 735 ILCS 5/12-1201; *In re Laredo*, 334 B.R. 401, 409 (Bankr. N.D. Ill. 2005)).[8] However, the court finds the Debtor lacks evidence to support this. Based on testimony by Horace Fox, Jr., the Trustee, the Trustee expects to clear $90,000 to $95,000 in equity from the sale. Aug. 2, 2022 Hr'g Tr. 52–53, 74–75. The Trustee's testimony was supported by bank and securities

---

[7] On April 19, 2022, notice of the Trustee's Motion for Authority to Employ Patti Sprafka Wagner as a Real Estate Broker was sent via first-class mail and electronic mail to Luma Hambaroush, Richard Sharif, Haifa Sharifeh, and Ragda Sharifeh. Amended Ex. List, Dkt. No. 742, Ex. 8: Motion to Employ Broker, Certificate of Service. On July 6, 2022, notice of the Trustee's Motion to Compel Luma Hambaroush Sharifeh to Vacate the Residence was sent to Richard Sharif and Luma Sharifeh via email and U.S. Mail; Haifa was sent notice via email. Amended Ex. List, Dkt. No. 742, Ex. 9: Motion to Compel Luma Hambaroush to Vacate Residence, Certificate of Service. The Trustee's counsel also emailed the Debtor on July 28, 2022 stating that if Ragda, Haifa, or the Debtor "want to offer to purchase the residence for materially more money and can simultaneously provide a satisfactory demonstration of proof of funds, we would consider such an offer." Amended Ex. List, Dkt. No. 742, Ex. 12: 7-28-22 Brad Block Email.

[8] The Debtor alleges sum of the mortgage lien belonging to Wells Fargo ($437,000), the broker's commission ($35,220), the Debtor and Wife exemption ($15,000 each, for $30,000 total), and miscellaneous costs (e.g., closing costs, property tax proration for $27,000, and HOA expenses) will leave no money for any creditors. Debtor's Obj., Dkt. 736, p. 2. He alleges these costs surpass the $587,000 sale price, leaving no money for the bankruptcy estate. *Id.*

9

statements and a letter from Wells Fargo, among other exhibits. *See* Amended Ex. List, Dkt. No. 742, Ex. 3: Bank and Securities Statements (Excerpts), Ex. 11: Wells Fargo Payoff Letter 7-28-22.

### 2. Section 363(f) Sales

Section 363(f) permits the Trustee to "sell property" under § 363(b) or (c) "free and clear" of interests of third parties, including liens, claims, and encumbrances if the third party's (or parties') interest "is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property"; "such interest is in bona fide dispute"; or "such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363 (f)(3)-(5). The Trustee argues that he satisfies § 363(f) because the proposed sale price is "greater than the payoffs on the claims of Wells Fargo and South Barrington Lakes and both those parties could be compelled to accept a monetary settlement of their liens." Motion, Dkt. 730, ¶ 2. Ragda claims she has a $459,000 lien on the property securing the mortgage payments she made from September 2010 to November 2015; she previously sought reimbursement for the payments, but this court entered an order denying her request, which is on appeal. Ragda's Obj., Dkt. No. 735, p. 2-3; Aug. 2, 2022 Hr'g Tr. at 11–13. The court finds Ragda's interest in the residence is in "bona fide dispute" under 11 U.S.C. § 363(f).[9] Thus, the sale is permissible under § 363(f).

---

[9] "The term 'bona fide dispute' is not defined in § 363(f)(4) of the Code. However, the term 'bona fide dispute' is also used in the Bankruptcy Code at 11 U.S.C. § 303 in connection with the nature of claims asserted as basis for an involuntary Chapter 7 petition." *See In re Octagon Roofing*, 123 B.R. 583, 590 (Bankr. N.D. Ill. 1991). The Seventh Circuit has held that to determine what constitutes a bona fide dispute, "the bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute as to the validity of debt." *In re Busick*, 831 F.2d 745, 750 (7th Cir. 1987). "Under this standard, a court need not determine the probable outcome of the dispute, but merely whether one exists." *See In re Octagon Roofing*, 123 B.R. at 590 (citing *In re Busick*, 831 F.2d at 750).

Here, a dispute clearly exists given the pending appeal regarding Ragda's alleged lien.

### 3. Standing

The court notes that the Debtor probably did not have standing to object to the proposed sale. Debtors do not have standing to object to bankruptcy orders, unless the debtor can show a "reasonable possibility of a surplus after satisfying all debts" and thus can show a "pecuniary interest." *See In re Presswood*, 559 B.R. 204, 209 (Bankr. S.D. Ill. 2016) (citations omitted); *see also In re Cult Awareness Network, Inc.*, 151 F.3d 605, 608 (7th Cir. 1998) (citations omitted). "Section 726(a)(6) of the Bankruptcy Code provides the distribution rules for liquidation cases. It provides that after debts of higher priority have been satisfied, payments (regarded as a surplus) go to the debtor." *See Herzog v. Brown, Udell, Pomerantz & Delrahim Ltd. (In re Helmstetter)*, 639 B.R. 749, 752 (Bankr. N.D. Ill. 2022) (citing 11 U.S.C. 726(a)(6)). The Debtor has not shown there is a reasonable possibility this will be a surplus case.

### 4. Shortened Notice

Despite the objectors' argument to the contrary, the court finds that there is a legitimate basis to shorten the time for the sale process and for the objectors to review the integrity of the sale. Fed. R. Bankr. P. 2002(a)(2) requires that "the debtor, the trustee, all creditors and indenture trustees" receive twenty-one days' notice of a proposed sale outside the ordinary course of business. However, Fed. R. Bankr. P. 9006(c)(1) states that "the court for cause shown may in its discretion with or without motion or notice order the period reduced." The court finds "cause" exists to limit notice to 13 days, given the fact that the closing is contractually set for August 15, 2022 and that the Trustee needs to sell the property soon to avoid foreclosure of the mortgage on the residence and to obtain the $90,000 to $95,000 in equity necessary to fund the litigation, including Nos. 21-cv-1330, 21-cv-5221, and 22-cv-3172 in the district court as well as the appeal in the Seventh Circuit, No. 17-

1615. The shortened notice is justified because the sale motion was filed on July 19, 2022, giving all parties 13 days notice before the August 2, 2022 hearing.

## IV. Conclusion

For the reasons mentioned herein, the Court hereby grants the Trustee's Motion to Sell Interest of Estate in Realty: 36 Revere Drive, South Barrington and to Shorten Notice (Dkt. No. 730) and grants the Trustee's request to shorten notice to 14 days.

**Date**: August 9, 2022

**ENTER**: _J. Cox_

Hon. Jacqueline P. Cox
United States Bankruptcy Judge